ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
 {¶ 2} Plaintiff-appellant Dewight White appeals pro se the judgment of the Cuyahoga County Court of Common Pleas which denied his motion for summary judgment and granted defendant-appellee Michael L. Belcher's motion for summary judgment. For the following reasons, we affirm.
 {¶ 3} The underlying facts relevant to Mr. White's incarceration have been set out in State v. White (2001),142 Ohio App.3d 132 and will not be repeated herein.
 {¶ 4} On March 8, 2000, Mr. White filed a complaint for legal malpractice against his attorney, Mr. Belcher, in connection with the above mentioned case. In White v. Belcher (Aug. 23, 2001), Cuyahoga App. No. 78804, this Court affirmed the trial court's grant of summary judgment to Mr. Belcher and found that Mr. White's claim for legal malpractice was barred by the statute of limitations.
 {¶ 5} On March 26, 2003, Mr. White filed another complaint for legal malpractice against Mr. Belcher, again seeking a return of his money in connection with Mr. Belcher's representation in the aforementioned criminal case. On November 19, 2003, the trial court denied Mr. White's motion for summary judgment and subsequently granted Mr. Belcher's motion for summary judgment on January 22, 2004. It is from this decision that Mr. White now appeals and raises two assignments of error for our review.
 {¶ 6} "I. The trial court committed reversible and prejudicial error when the trial court dismissed appellant's case from the appellee's failure to timely file his answer/response in a timely manner as required by Ohio Rules of Civil Procedure and as law and justice requires."
 {¶ 7} In his first assignment of error, Mr. White argues that the trial court erred in permitting Mr. Belcher to file his answer after the Civ.R. 12 (A)(1) time limit had expired.
 {¶ 8} Generally, Civ.R. 12(A)(1) provides that a defendant must answer within 28 days after service of the summons and complaint. However, pursuant to Civ.R. 6(B)(2), a trial court may, within its discretion, permit a tardy filing. State ex rel.Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995),72 Ohio St.3d 464, 465. A trial court does not necessarily abuse its discretion when it permits a tardy filing even if a party has not provided an explicit reason for delay unless the other party is prejudiced by the delay. Howland v. Lyons, Cuyahoga App. No. 77870, 2002-Ohio-982; Zimmerly v. Cleveland Clinic Foundation,
(July 30, 1998), Cuyahoga App. No. 73104.
 {¶ 9} Here, we find that the trial court did not abuse its discretion in allowing Mr. Belcher additional time to file his answer. Mr. White has made no showing, nor even an allegation, of prejudice by the delay in the filing of Mr. Belcher's answer.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} "II. The trial court abused its discretion by granting appellee's motion for leave to file answer instanter to a complaint and further abused its discretion by failure to grant appellant's summary judgment pursuant to Civil Rule 56."
 {¶ 12} In his second assignment of error, Mr. White argues that the trial court abused its discretion in failing to grant his motion for summary judgment in connection with his complaint for legal malpractice against Mr. Belcher.
 {¶ 13} We have thoroughly reviewed and resolved the issues raised by Mr. White under this assignment of error in our previous decision, White v. Belcher (Aug. 23, 2001), Cuyahoga App. No. 78804. Accordingly, this assignment of error is overruled based upon the law of the case doctrine and res judicata. Hughes v. Calabrese, Judge (2002), 95 Ohio St.3d 334;Nolan v. Nolan (1984), 11 Ohio St.3d 1.
 {¶ 14} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Calabrese, Jr., J., concur.