ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 4, 2004, the relator, Martin Novak, commenced this mandamus and prohibition action against the respondents, Judge Mary Jane Boyle and the other judges of the Cuyahoga County Common Pleas Court. Mr. Novak is a defendant in the underlying case, Washington Mutual Bankv. Martin Novak, et al., Cuyahoga County Common Pleas Court Case No. CV. 435579, a foreclosure action.[1] Mr. Novak seeks to prohibit the common pleas court from enforcing any previous order issued in the underlying case or from proceeding to judgment. Additionally, he seeks in mandamus to compel the common pleas court to assign a judge properly, to call the court into session properly and to dismiss the case immediately. For the following reasons this court denies the applications for writs of mandamus and prohibition.
 {¶ 2} Mr. Novak argues that multiple jurisdictional defects mandate the requested relief. First, he argues that the failure under Sup.R. 36 to journalize an entry memorializing the selection and assignment of a judge means that no judge was properly assigned to the case, and all actions taken are null and void. Similarly, relying on Hurtado v. U.S.
(1973), 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508, for the principle that there is no court lest it be called into session, he argues that because there is no journal entry calling the court into session, there is no court and all actions taken in the case are null and void. He then cites Steel Company v. Citizens for a Better Environment (1998),523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210, for the principle that a court must determine whether it has jurisdiction as a threshold matter. Again, he maintains the failure to journalize this jurisdictional decision at the beginning of the case now deprives the respondents of jurisdiction. He further argues that the lapse of three years from the filing of the case has rendered these defects incurable, and the only legal course of action is to dismiss the underlying case for lack of jurisdiction.
 {¶ 3} Mr. Novak also complains that the respondent judge improperly appointed a magistrate to the case. First, because the initial orders referring the case to a magistrate did not specifically name a magistrate, there was no authentic appointment. Second, in September 2004, when an order of referral to a magistrate named a magistrate, Monica Klein, her name was not on the list of approved magistrates, as displayed on the common pleas court website. Thus, she was not really a magistrate. Therefore, all actions taken by any magistrate are null and void.
 {¶ 4} Finally, Mr. Novak complains that on August 19, 2003, the court issued the following order which provided in pertinent part: "Plaintiff to file application for default and updated title work and set a hearing with the magistrate within 90 days of the date of this order. Failure to comply will result in the dismissal of the above action without prejudice." However, the plaintiff did not timely comply with the order. Thus, Mr. Novak suggests that if the court did have jurisdiction, then the August 19, 2003 order should be self-executing and the case dismissed.
 {¶ 5} These arguments are ill-founded and meritless. Generally, Mr. Novak is trying to take very general principles of law, often isolated sentences, and fuse them together to create inflexible jurisdictional rules, which are unsupported by persuasive authority. At best these efforts elevate form over substance, and they do not provide a basis for granting the extraordinary writs of prohibition and mandamus.
 {¶ 6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State exrel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser
(1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. OhioTurnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State exrel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
 {¶ 7} The principles governing prohibition are also well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State exrel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v.Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of CommonPleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. ColumbusMunicipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown LocalSchool District Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel.Bradford v. Trumbull County Court, 64 Ohio St.3d 502, 1992-Ohio-116,597 N.E.2d 116. Moreover, the court has discretion in issuing the writs of prohibition and mandamus. State ex rel. Gilligan v. Hoddinott (1973),36 Ohio St.2d 127, 304 N.E.2d 382; Pressley; State ex rel. Bennett v.Lime (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel. Dollison v.Reddy (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and State ex rel. Mettlerv. Commissioners of Athens County (1941), 139 Ohio St. 86, 38 N.E.2d 393.
 {¶ 8} Mr. Novak's efforts to extract certain language from SteelCompany and extrapolate a rule that all courts must journalize an initial determination of jurisdiction are illfounded. The court of common pleas is Ohio's court of general jurisdiction. It may adjudicate all matters at law and in equity that are not denied to it. R.C. 2305.01 provides in pertinent part: "The court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." Schucker v.Metcalf (1986), 22 Ohio St.3d 33, 488 N.E.2d 210. Therefore, there is no doubt that the common pleas court is the proper forum for a foreclosure action with a prayer of $55,000.[2] When a court has at least basic statutory jurisdiction to act and appeal is available, a writ of prohibition will not lie. State ex rel. Lester v. The Court of CommonPleas, Division of Domestic Relations, Butler County (Oct. 28, 1991), Butler Cty. App. No. CA91-05-080. Steel Company actually discusses the jurisdiction of federal courts under Article III of the United States Constitution and the standing of private individuals under the Emergency Planning and Community Right-To-Know Act of 1986, 42 United States Code, Section 11000, to bring certain actions. It did not prescribe an inflexible, procedural and jurisdictional rule for state courts of general jurisdiction that they must journalize a determination of jurisdiction for matters routinely handled by them. Such a rule would be unnecessary, pro forma and counterproductive.
 {¶ 9} His argument that the failure to journalize the selection of Judge Boyle as the assigned judge deprives her and all the common pleas judges of jurisdiction is not well taken. Judge Boyle was assigned to this case pursuant to Sup.R. 36, and this is reflected in the court records. Merely because this assignment was not noted on the first line of the docket, as compared to the caption of the case or on the cover page of the docket, does not deprive her and the common pleas court of jurisdiction over a foreclosure case. This is the elevation of form over substance. Moreover, the Supreme Court of Ohio in State ex rel. Bergerv. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225, certiorari denied (1983), 469 U.S. 1017, 78 L.Ed.2d 723; 104 S.Ct. 1983, ruled that issues regarding the assignment of judges are properly addressed on appeal, precluding relief in prohibition and mandamus. See also, State ex rel.Novak v. Judge Mahon (Jan. 11, 2001), Cuyahoga App. No. 78505.
 {¶ 10} Similarly, in State ex rel. Nalls v. Russo, 96 Ohio St.23d 410, 2002-Ohio-4907, 775 N.E.2d 522, the Supreme Court ruled that possible irregularities in the appointment of a magistrate are properly addressed on appeal, again precluding relief in mandamus and prohibition. Thus, his claims relating to the assignment of a judge or magistrate do not state claims for an extraordinary writ.
 {¶ 11} Mr. Novak's argument that the respondents do not have jurisdiction because court was not called into session and because there is no journal entry memorializing that relies on one sentence fromHurtado: "There is no court, except it be a court in session." This is another effort to create a jurisdictional rule from a Supreme Court case which does not stand for that principle. The Court wrote that sentence in determining when a witness would be entitled to a witness fee for attending court. It was not enunciating a jurisdictional prerequisite for taking any judicial action, such as ruling on a motion, scheduling a hearing or appointing a magistrate. Therefore, Mr. Novak has not established a total lack of jurisdiction for failing to call the court into session. Without that he is entitled to neither prohibition nor mandamus.
 {¶ 12} Finally, to the extent that he seeks an extraordinary writ based on the August 19, 2003 order that the plaintiff was to file a motion for default judgment, update the title work and set a hearing with the magistrate within ninety days or the case will be dismissed, he cannot prevail. The enforcement of an order is within judicial discretion, which cannot be controlled by mandamus and which may be reviewed on appeal, also again precluding relief by an extraordinary writ. Similarly, the issue of whether the order is self-executing is properly addressed on appeal, which again precludes the issuance of a writ.
 {¶ 13} Accordingly, this court denies Mr. Novak's application for a writ of either prohibition or mandamus. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Karpinski, J., concurs T. McMonagle, J., concurs.
[1] Judge Mary Boyle is the assigned judge for the underlying case.
[2] The initial page of the common pleas court's docket in the underlying case indicates that the prayer amount is $54,956.00.