ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 14, 2005, the petitioner, Martin Novak, commenced this prohibition action against the respondent, Judge Mary Jane Boyle. For the following reasons, this court denies the applica-tion for a writ of prohibition, sua sponte.
 {¶ 2} The underlying case, Washington Mutual Bank FA, Successor ininterest to Bank United v. Martin Novak, et al., Cuyahoga County Common Pleas Court Case No. CV. 435579, over which Judge Boyle presides, is a foreclosure action. A review of the docket indicates that on June 8, 2005, the trial court adopted the magistrate's decision and entered judgment for Washington Mutual against Martin and Janice Novak in the amount of approximately $54,000 and further entered a decree of foreclosure. On August 30, 2005, the defendant filed a notice of appeal, Cuyahoga County Court of Appeals Case No. 86955, but this court dismissed the appeal as untimely on September 20, 2005.
 {¶ 3} The gravamen of Novak's prohibition claim is that Washington Mutual is not licensed to do business in Ohio as required by R.C. 1703.03. To support this assertion he includes an August 13, 2004 form letter from the Ohio Secretary of State which "checks off" the following line: "Currently we have no records for Washington Mutual Bank FA in our database." Novak in his verified complaint also states that he could find no derivation of Washington Mutual in an online search of the Ohio Secretary of State's database for corporations holding an uncancelled and unexpired license to transact business in Ohio. R.C. 1703.29(A) provides that "no foreign corporation which should have obtained such a license shall maintain any action in any court until it has obtained such a license." He also cites R.C. 1703.30 and 1703.99 for the proposition that a corporation transacting business without a license is a fourth degree misdemeanor. From these statutes Novak argues that the trial court does not have jurisdiction to hear the case because Washington Mutual is not licensed to do business in Ohio and is barred from maintaining an action in Ohio courts. Indeed, prohibition should lie to prevent the trial court from condoning or furthering Washington Mutual's criminal activities. Novak also argues that because Washington Mutual did not provide an accurate, current address in the complaint, the court lacks personal jurisdiction to hear the case.
 {¶ 4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largentv. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981),65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85,218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. JuvenileCourt of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of CommonPleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. ColumbusMunicipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown LocalSchool District Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel.Bradford v. Trumbull County Court, 64 Ohio St.3d 502, 1992-Ohio-116,597 N.E.2d 116.
 {¶ 5} The failure of a plaintiff corporation to have a license to do business in Ohio does not affect the jurisdiction of the court to hear the case. The court of common pleas is Ohio's court of general jurisdiction. It may adjudicate all matters at law and in equity that are not denied to it. R.C. 2305.01 provides in pertinent part: "The court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." Schucker v. Metcalf (1986), 22 Ohio St.3d 33,488 N.E.2d 210. Therefore, there is no doubt that the common pleas court is the proper forum for the instant foreclosure action. When a court has at least basic statutory jurisdiction to act and appeal is available, a writ of prohibition will not lie. State ex rel. Lester v. The Court ofCommon Pleas, Division of Domestic Relations, Butler County (Oct. 28, 1991), Butler Cty. App. No. CA91-05-080; and State ex rel. Novak v. JudgeBoyle, Cuyahoga App. No. 85358, 2005-Ohio-1199. Recently, the Supreme Court of Ohio reaffirmed these principles in Jimison v. Wilson,106 Ohio St.3d 342, 2005-Ohio-5143, ¶ 3: "`[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in proceeding is only error in the `exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance.'" State v. Filiaggi (1999), 86 Ohio St.3d 230, 240,714 N.E.2d 867, quoting In re Waite (1991), 188 Mich.App. 189, 200,468 N.W.2d 912. Errors in the exercise of jurisdiction are to be raised on direct appeal instead of a special writ.
 {¶ 6} Furthermore, Novak's reliance on P.K. Springfield, Inc. v.Hogan (1993), 86 Ohio App.3d 764, 621 N.E.2d 1253 is misplaced. Hogan
does not hold that the failure of a foreign corporation to obtain an Ohio license deprives the court of jurisdiction. Rather, it holds that the failure "to have an Ohio license is a defense to any action maintained by that corporation." 86 Ohio App.3d at 770. Moreover, it is a defense that may be waived. See, also, Dot Systems, Inc. v. Adams RobinsonEnterprises, Inc. (1990), 67 Ohio App.3d 475, 587 N.E.2d 844 andAllstate Financial Corp. v. Westfield Serv. Mgt. Co. (1989),62 Ohio App.3d 657, 577 N.E.2d 383. These holdings contradict the notion that compliance with the R.C. 1703.03 is a jurisdictional prerequisite.
 {¶ 7} Novak's argument on personal jurisdiction is also ill-founded. The principles of personal jurisdiction apply to the defendant, not the plaintiff. Clark v. Connor (1998), 82 Ohio St.3d 309, 695 N.E.2d 751;State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464,605 N.E.2d 31; and State ex rel. Tempero v. Colopy (1962),173 Ohio St. 122, 180 N.E.2d 273. Therefore, arguing that the trial court lacks personal jurisdiction over the plaintiff is stillborn.
 {¶ 8} Similarly, Novak's argument that the trial court lacks jurisdiction to condone or further Washington Mutual's criminal activity is ill-founded. R.C. 1703.30 specifically prohibits an officer of a foreign corporation from transacting business in Ohio on its behalf if the corporation is required to procure and maintain a license and has not done so. The statute does not criminalize the action of the corporation.
 {¶ 9} Finally, res judicata bars this prohibition action. In Hughesv. Calabrese 95 Ohio St.3d 334, 337, 2202-Ohio-2217, 767 N.E.2d 725, the supreme court ruled that res judicata applies to special writ actions. It also reaffirmed the principles that under the doctrine of res judicata a "`valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' Kelm v. Kelm
(2001), 92 Ohio St.3d 223, 227, 749 N.E.2d 299, quoting Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." In State ex rel. Novak v. Judge Boyle,
Cuyahoga App. No. 85358, 2005-Ohio-1199, Novak previously sought prohibition seeking to prevent Judge Boyle from adjudicating the underlying lawsuit. In that case he argued that various alleged procedural deficiencies deprived Judge Boyle of jurisdiction. This court rejected those arguments. These R.C. 1703 claims could have been brought in the previous action. Therefore, res judicata now precludes Novak from raising them in another case.
 {¶ 10} Accordingly, this court denies the application for a writ of prohibition. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Calabrese, Jr., J., concurs.
 Kilbane, J., concurs.