DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Steven L. Cote has appealed from the decision of the Wayne County Court of Common Pleas that granted summary judgment to Defendant-Appellee Kenneth W. Eisinger. This Court reverses.
 I {¶ 2} On April 25, 2005, Plaintiff-Appellant Steven L. Cote filed a complaint against Defendant-Appellee Kenneth W. Eisinger alleging promissory fraud, breach of contract, and negligent infliction of emotional distress. The complaint was based on Appellant and his siblings moving to Ohio because of promises made by Appellee and Appellee's treatment of Appellant and his family once they arrived. Appellee answered the complaint and denied the legal allegations against him. He also requested the trial court dismiss the complaint.
 {¶ 3} On August 19, 2005, Appellee filed a formal motion to dismiss pursuant to Civ.R. 12(B)(6) or in the alternative a motion for summary judgment. Appellant responded in opposition to Appellee's motion to dismiss and his alternative motion for summary judgment. On October 18, 2005, the trial court granted Appellee's motion for summary judgment. The trial court found that Appellant's claims were precluded under collateral estoppel because of prior litigation between the parties in Eisinger v.Nadeau, Wayne C.P. No. 03-CV-0454.
 {¶ 4} Appellant has timely appealed the trial court's decision, asserting three assignments of error. For ease of analysis, we have consolidated Appellant's first and second assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN VIOLATING PLAINTIFF/APPELLANT(S)' FIFTH AND FOURTEENTH AMENDED RIGHTS WHEN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT PRECLUDING PLAINTIFF/APPELLANT(S)' CLAIMS UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL."
 Assignment of Error Number Two
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN VIOLATING APPELLANT(S)' OHIO ARTICLE 1.1, FIFTH, AND FOURTEENTH AMENDED RIGHTS WHEN GRANTING APPELLEE SUMMARY JUDGMENT WHILE ISSUES OF MATERIAL FACTS REMAINED UNDISPUTED."[1]
 {¶ 5} In his first and second assignments of error, Appellant has argued that the trial court erred when it granted summary judgment to Appellee. Specifically, Appellant has argued that the trial court's decision violated his Fifth and Fourteenth Amendment due process and equal protection rights and because genuine issues of material fact remained in dispute.
 {¶ 6} As a preliminary matter, we must review the relevant procedural history of this matter and the case upon which the trial court based its collateral estoppel decision. In the matter sub judice, the trial court found that "the claims are precluded due to the prior litigation between the parties. See Eisinger v.Nadeau, Wayne C.P. No. 03-CV-0454. The Court finds that Collateral Estoppel precludes [Appellant's] claims and that the [Appellee] is entitled to judgment as a matter of law." Cote v.Eisinger (Oct. 18, 2005), Wayne County C.P. No. 05-CV0-249. This Court is very familiar with Eisinger v. Nadeau.
 {¶ 7} Eisinger v. Nadeau, Wayne County C.P. No. 03-CV-0454, was twice before this Court. On March 15, 2005, we dismissed the matter because it was not a final, appealable order. Eisinger v.Nadeau (Mar. 15, 2005), 9th Dist. Nos. 04CA0011, 04CA0025, Journal Entry. The parties returned to the trial court and attempted to obtain a final, appealable order. The matter then returned to this Court and again on May 2, 2005, we dismissed the matter for lack of a final, appealable order. We found that "[a] final decision must end the litigation and leave nothing more for the trial court to do but execute the judgment. Because this order does not determine the action and prevent a judgment, this Court finds that the trial court order is not final and appealable, and that this Court does not have jurisdiction to hear the appeal." (Citation omitted.) Eisinger v. Nadeau (Mar. 15, 2005), 9th Dist. No. 05CA0025, Journal Entry. Again the appeal was dismissed.
 {¶ 8} Under Ohio law, the doctrine of res judicata embraces the doctrine of collateral estoppel. Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 381. Pursuant to res judicata doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. Accordingly, before res judicata/collateral estoppel can apply one must have a final judgment.
 {¶ 9} As previously discussed, the trial court's decision that Appellee was entitled to summary judgment on collateral estoppel grounds was based upon the trial court's previous decision in Eisinger v. Nadeau, Wayne County C.P. No. 03C-V-0454. A decision which this Court, on May 2, 2005, determined was not final. See Eisinger v. Nadeau (Mar. 15, 2005), 9th Dist. No. 05CA0025, Journal Entry. The trial court docket reveals that the trial court did not file a corrective entry or any other journal entry in Eisinger v. Nadeau, Wayne County C.P. No. 03-CV0-454, that would have made it a final judgment before the trial court granted summary judgment in this matter on October 18, 2005. Accordingly, summary judgment in the instant matter could not be based on collateral estoppel because no final judgment existed in the previous case.
 {¶ 10} Based on the foregoing, Appellant's first two assignments of error have merit.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED BY VIOLATING APPELLANT(S)' OHIO ARTICLE 1.1, FIFTH, AND FOURTEENTH AMENDED RIGHTS, WHEN ALLOWING APPELLEE TO CONTINUALLY VIOLATE THE APPLICABLE OHIO RULES OF CIVIL PROCEDURE 37(A)(1)(2)(3)(4) WITHOUT SANCTION WHILE IGNORING APPELLANT(S) FURTHERING MOTIONS TO COMPEL APPELLEE OR IN THE ALTERNATIVE RENDER JUDGMENT BY DEFAULT AGAINST THE DISOBEDIENT PARTY PURSUANT TO OHIO CIVIL RULE 37(B)(2)(A) IN THIS CASE AND CAUSE."
 {¶ 11} In his third assignment of error, Appellant has argued that the trial court erred by allowing Appellee to continually violate the discovery rules. Specifically, Appellant has argued that the trial court erred in ignoring his motions under Civ.R. 37 and as a result the trial court erred in failing to sanction or enter default judgment against Appellee. We disagree.
 {¶ 12} The record in the instant matter shows that after two motions by Appellant to compel Appellee to answer interrogatories and admissions, the trial court granted Appellant's motion and ordered Appellee to respond to said discovery requests. Appellee was given 10 days from August 15, 2005 to comply with the order. On September 6, 2005, Appellant filed another motion to compel discovery or in the alternative a motion for default judgment. Appellant argued that while Appellee responded to the order he did not fully comply and his reasons for not fully complying were unfounded. On September 21, 2005, Appellant filed another request for Appellee to provide admissions, documents, statements and "conducts." Two days later, September 23, 2005, Appellant filed another motion to compel interrogatories or in the alternative for default judgment. On October 18, 2005, the trial court granted summary judgment to Appellee.
 {¶ 13} Appellant's argument alleges that the trial court ignored his final three motions to compel or in the alternative for default judgment against Appellee. This Court has previously held that "[w]hen a trial court fails to rule upon a [pretrial] motion, it will be presumed that it was overruled." Georgeoff v.O'Brien (1995), 105 Ohio App.3d 373, 378. Accordingly, in this matter, Appellant's final three discovery motions are presumed overruled. It follows that the trial court did not abuse its discretion when it failed to specifically rule on Appellant's pretrial motions as said motions were deemed denied upon the entry of summary judgment for Appellee. Based on the foregoing, Appellant's third assignment of error lacks merit.
 III {¶ 14} Appellant's first and second assignments of error are sustained. Appellant's third assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, J. concurs.
Slaby, P.J. Concurs in Judgment Only.
[1] The use of the word "undisputed" is clearly a typographical error on Appellant's part; this Court takes his assignment of error to mean that material facts remained in dispute.