[Cite as *Bosl v. First Fin. Invest. Fund I*, 2011-Ohio-1938.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95464**

---

## GREGORY J. BOSL

PLAINTIFF-APPELLANT

vs.

## FIRST FINANCIAL INVESTMENT FUND I, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-714595

**BEFORE:** Blackmon, J., Kilbane, A.J., and Rocco, J.

RELEASED AND JOURNALIZED:    April 21, 2011

**ATTORNEYS FOR APPELLANT**

Anand N. Misra
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122

Robert S. Belovich
9100 South Hills Blvd., Suite 300
Broadview Heights, Ohio 44147

**ATTORNEYS FOR APPELLEES**

Michael D. Slodov
Robert G. Knirsch
Javitch, Block & Rathbone, LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶ 1}   Appellant Gregory Bosl appeals the trial court's decision granting summary judgment in favor of First Financial Investment Fund I, et al. ("First Financial") and assigns the following errors for our review:

> **"I. The trial court committed prejudicial error in granting summary judgment to defendant on its motion."**
>
> **"II. The trial court committed prejudicial error in denying summary judgment on plaintiff's motion for partial summary judgment."**

**{¶ 2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶ 3}** On January 5, 2009, First Financial filed suit in the Berea Municipal Court against Bosl for an unpaid assigned credit card debt in the amount of $2,796.76. In response, on February 2, 2009, Bosl filed an answer, affirmative defenses, and counterclaim. In his counterclaim, Bosl argued that First Financial lacked the legal competence to file suit in the Berea Municipal Court, because it was a foreign corporation that was not registered with the Ohio Secretary of State.

**{¶ 4}** On February 20, 2009, First Financial filed a motion to dismiss Bosl's counterclaim. Bosl opposed the motion, and on April 15, 2009, the Berea Municipal Court granted First Financial leave to register as a business entity with the Ohio Secretary of State. Thereafter, First Financial sought to assign the debt to its affiliate First Financial Asset Management ("FFAM"), who at the time was thought to be licensed in Ohio. However, FFAM's license had been cancelled by virtue of its failure to pay taxes.

**{¶ 5}** On June 25, 2009, as a result of no party being substituted for First Financial, the Berea Municipal Court dismissed the complaint without prejudice and also dismissed Bosl's counterclaim.

**{¶ 6}** On January 4, 2010, Bosl filed suit in Cuyahoga County's common pleas court against First Financial, FFAM, and the law firm of

Javitch, Block & Rathbone ("appellee"). Bosl alleged violations of both the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act. In addition, Bosl alleged that appellees engaged in fraud, abuse of process, civil conspiracy, and malicious prosecution.

{¶ 7} Specifically, against the law firm of Javitch, Block & Rathbone, Bosl alleged that the law firm acted in concert with First Financial and FFAM to collect a debt by illegally filing suit against him on January 5, 2009. Bosl also alleged that the law firm filed the suit with knowledge that First Financial lacked competence to take such action.

{¶ 8} On February 25, 2010, appellees filed a motion to dismiss Bosl's complaint for failure to state a claim for which relief could be granted, or in the alternative, for summary judgment. On March 8, 2010, appellees supplemented their motion with additional evidentiary materials. On April 7, 2010, Bosl filed his motion in opposition as well as a cross-motion for partial summary judgment.

{¶ 9} On June 25, 2010, the trial court granted appellees' motion for summary judgment, denied Bosl's cross-motion for partial summary judgment, and dismissed the case. Bosl now appeals.

## Summary Judgment

{¶ 10} In the first assigned error, Bosl argues the trial court erred when it granted summary judgment in favor of the appellees.

{¶ 11} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212; *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶ 12} Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion that is adverse to the non-moving party.

{¶ 13} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact. Id. at 293.

{¶ 14} In the instant case, the gravamen of Bosl's complaint, and likewise his argument on appeal, is that First Financial illegally filed its

lawsuit against him in the Berea Municipal Court because they were not registered with the Ohio Secretary of State. We are not persuaded.

{¶ 15} In granting summary judgment in favor of appellees, the trial court stated in pertinent part as follows:

> **"* * * The Court concludes that First Financial was not required to first obtain a license from the Ohio Secretary of State before filing suit against Mr. Bosl. The Court finds persuasive the opinion of Judge Burnside in the case of _Collins Financial Services, Inc. v. Ballard_ (Cuy. Cty. Ct. Com. Pl.), CV-638304, 2009 WL 1401693. In _Ballard_, Judge Burnside concluded that in a situation similar to the present case, foreign corporations are not required to first obtain a license before filing suit because the act of filing a lawsuit does not fall under the definition of 'transacting business.' Only foreign corporations transacting business in Ohio are required to obtain a license before it can file and maintain a suit in the courts of Ohio. Accordingly, First Financial was not required to first obtain a license before filing and maintaining suit against Mr. Bosl in the Berea Municipal Court. As such, the act of filing and maintaining the lawsuit was not unlawful under Ohio law. Because the basis of Mr. Bosl's complaint is predicated on First Financial unlawfully filing suit in Ohio, the Court dismisses the complaint in its entirety as to all defendants."** Journal Entry, June 25, 2010.

{¶ 16} In general, foreign corporations must be licensed to do business in the state of Ohio if they "transact business in this state." _First Merit Bank, N.A. v. Washington Square Ents._, Cuyahoga App. No. 88798, 2007-Ohio-3920; R.C. 1703.03. A foreign corporation that "should have obtained" a license to do business in Ohio may not "maintain any action in any court until it has obtained such license to do business." Id.; R.C. 1703.29(A).

{¶ 17} Similarly, a foreign limited liability company, such as First Financial, must register before transacting business in Ohio. R.C. 1705.54(A). A foreign limited liability company transacting business in this state may not maintain an action or proceeding in any court of this state until it has registered. *CACV of Colorado, L.L.C. v. Hillman*, 3d Dist. No. 14-09-18, 2009-Ohio-6235; R.C. 1705.58.

{¶ 18} "It is well-recognized * * * that a foreign corporation transacts business within a state when 'it has entered the state by its agents and is therefore engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts.'" *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, quoting *Auto Driveaway Co. v. Auto Logistics of Columbus* (S.D.Ohio 1999), 188 F.R.D. 262, 265, quoting *Dot Sys., Inc. v. Adams Robinson Ent., Inc.* (1990), 67 Ohio App.3d 475, 481, 587 N.E.2d 844. A foreign corporation's activities must be permanent, continuous, and regular to constitute "doing business" in Ohio. Id.

{¶ 19} In support of their motion for summary judgment appellees attached the affidavits of Eugene Collins, the president of First Financial, a limited liability company chartered in the state of Delaware. Collins averred

that First Financial acquires ownership rights to charged off receivables and acquired the charged-off account of Bosl from HSBC Card Services. Collins also averred that First Financial has never engaged in any direct wholesale or retail sales in Ohio, has never engaged in solicitation or advertisement in Ohio, and has never maintained any offices, mailing addresses, telephone numbers, internet portals, or bank accounts in the state of Ohio.

{¶ 20} In addition, Collins averred that First Financial has never engaged in the employment of employees or agents in the state of Ohio. Further, Collins averred that he is also the president of FFAM, a collection agency with offices in Atlanta, Georgia, Phoenix, Arizona, and West Palm Beach, Florida, that services the accounts owned by First Financial. Finally, Collins averred that with respect to Bosl's account, FFAM placed the account for legal action with the law firm of Javitch, Block & Rathbone, and that none of First Financial's or FFAM's employees ever made any direct contact with any person in the state of Ohio.

{¶ 21} Conversely, in support of his cross-motion for partial summary judgment, Bosl attached the affidavit of his attorney's secretary, who averred that she had located evidence of 28 lawsuits filed by First Financial in Ohio municipal courts.

{¶ 22} However, after reviewing the record, we conclude the trial court correctly determined that by virtue of filing suit to collect on a debt, appellees

were not transacting business in the state of Ohio. The evidence established that First Financial was merely a holding company that acquired Bosl's HSBC charged off credit card account and placed it for collection through FFAM, who retained a law firm to take legal action to collect the debt. Neither First Financial nor its affiliate, FFAM, was engaged in any activity that is customarily considered "transacting business" as that term is defined above.

{¶ 23} Given that appellees were not "transacting business", but merely attempting to collect a debt, by hiring a domestic law firm to file suit, they were not required to register with the Ohio Secretary of State before filing suit against Bosl. Consequently, construing the evidence most favorably to Bosl, we find that the record discloses no genuine issue of material fact. Therefore, summary judgment was properly granted in favor of the appellees.

{¶ 24} Nonetheless, at oral argument, Bosl's appellate counsel indicated that the opinion of Judge Burnside in the case of *Collins Fin. Servs, Inc. v. Ballard* ( Jan. 21, 2009) ,Cuyahoga C.P. No. CV-638304, which the trial court in the instant case found persuasive, was ultimately vacated. Bosl's appellate counsel essentially suggested that the trial court's reliance on Judge Burnside's opinion was misplaced. However, our review of the docket in *Ballard* reveals that Judge Burnside vacated the journal entry granting

summary judgment to *Colllins Fin. Servs. Inc.*, because a settlement was reached between the parties.

{¶ 25} Finally, since Bosl's contentions were premised on appellees' alleged incompetence to file suit without first registering with the Ohio Secretary of State, his claim that appellees violated both the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act, as well as his claims of fraud, abuse of process, civil conspiracy, and malicious prosecution, are without merit and rendered moot by our resolution herein. Accordingly, we overrule the first assigned error.

## Issue Preclusion and Collateral Estoppel

{¶ 26} In the second assigned error, Bosl argues the trial court erred in denying summary judgment on his cross-motion for partial summary judgment. Bosl maintains that the trial court incorrectly applied the law of collateral estoppel or issue preclusion.

{¶ 27} Issue preclusion, also known as collateral estoppel, precludes the relitigation of an issue that has been actually or necessarily determined between the parties in a prior action from being relitigated in a second, different cause of action. *JP Morgan Chase Bank v. Ritchey*, 11th Dist. No. 2006-L-247, 2007-Ohio-4225, citing *Lasko v. Gen. Motors Corp.*, 11th Dist. No. 2002-T0143, 2003-Ohio-4103, at ¶15. "Under Ohio law, the doctrine of res judicata embraces the doctrine of collateral estoppel." *McDowell v. DeCarlo*,

9th Dist. No. 23376, 2007-Ohio-1262, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226.

{¶ 28} Pursuant to the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. Accordingly, before res judicata or collateral estoppel can apply, one must have a final judgment. *Cote v. Eisinger*, 9th Dist. No. 05CA0076, 2006-Ohio-4020, at ¶8.

{¶ 29} Pursuant to Civ.R. 41, "[u]nless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice." The Supreme Court of Ohio has repeatedly held that "[a] dismissal without prejudice constitutes an adjudication otherwise than on the merits and prevents the dismissal from having res judicata effect." *Zamos v. Zamos*, 11th Dist. No. 2008-P-0021, 2009-Ohio-1321, quoting *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, at ¶10; see, also, *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 431 N.E.2d 660; *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 278, 400 N.E.2d 1352.

{¶ 30} In the instant case, neither party dispute that the Berea Municipal Court dismissed the original action without prejudice. Thus, the dismissal was other than on the merits and did not constitute a final judgment. Consequently, the common pleas court's subsequent granting of

summary judgment in favor of appellees on the basis that they were not transacting business in the state of Ohio and could bring and maintain legal action without registering with the Ohio Secretary of State is not barred by issue preclusion or collateral estoppel. Accordingly, we overrule the second assigned error.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR