[Cite as *Harvest Credit Mgt. VII, L.L.C. v. Harris*, 2012-Ohio-80.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96742**

# HARVEST CREDIT MANAGEMENT VII, L.L.C.

PLAINTIFF-APPELLEE

vs.

# JANICE L. HARRIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743207

**BEFORE:** Celebrezze, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 12, 2012

**FOR APPELLANT**

Janice L. Harris, pro se
21051 Tracy Avenue
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

Yale R. Levy
Kimberly C. Younkin
Levy & Associates
4645 Executive Drive
Columbus, Ohio   43220

John J. Frank
John J. Frank Co., L.P.A.
7377 Magnolia Drive
Seven Hills, Ohio   44131


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Janice Harris, appeals the dismissal of her counterclaim against and summary judgment rendered in favor of plaintiff-appellee, Harvest Credit Management VII, L.L.C. ("Harvest"). Harris argues that the trial court improperly denied her motion for default judgment on her counterclaim and erred when it granted summary judgment in Harvest's favor. After a thorough review of the record and law, we affirm.

{¶ 2} Harvest brought a collections action on September 28, 2010, in Euclid Municipal Court alleging that Harris owed $5,762.69 on a delinquent credit card account

that it had purchased from "HSBC Card Services (III) Inc. (f/k/a Household Card Services Inc.)" on February 25, 2009. Service was perfected on October 14, 2010, with an answer due by November 11, 2010.

{¶ 3} Harris answered on October 15, 2010, with a pleading styled "Motion to Dismiss," which was, in substance, an answer and counterclaim. This pleading was subsequently amended on October 19, 2010. Harris sought damages for libel in the amount of $20,000. The trial court accepted the pleadings, but required Harris to pay a filing fee for her counterclaim or it would be stricken. After Harris paid the fee on October 22, 2010, the judge ordered the case transferred to the Cuyahoga County Common Pleas Court on November 22, 2010, because the amount sought exceeded the statutory jurisdiction of the municipal court. In the meantime, Harvest had served a set of interrogatories on Harris on October 25, 2010, filed with the court on October 27, 2010, which Harris failed to answer. Harris paid the fee to transfer the case to common pleas court on December 7, 2010, and the case was transferred that day. However, Harvest filed an answer to Harris's counterclaim and a motion to dismiss the claim on December 2, 2010, with the Euclid court. This filing was included in the file when it was transferred to the common pleas court.[1]

{¶ 4} On January 14, 2011, both parties filed motions for summary judgment. On the same day, Harris filed a motion for default judgment on her counterclaim wherein she argued that Harvest never responded to her counterclaim, and Harvest filed a motion to dismiss Harris's counterclaim. In her summary judgment motion, Harris never argued

---

[1] Harris claims to have never received a copy of this answer.

that the amount of the debt was wrong or that she did not owe it, but that she did not owe it to Harvest. Further, Harris filed a motion to strike, which was, in essence, a brief in opposition to Harvest's motion for summary judgment where she did not argue that she paid the debt.

{¶ 5} On April 5, 2011, the trial court denied Harris's motions, including a motion to strike and a motion for recusal of the judge. On that same day, the trial court conducted a brief hearing allowing Harris to respond to Harvest's motions, and then granted Harvest's motion to dismiss the counterclaim and also granted summary judgment in its favor on its claim based on Harris's admissions to interrogatories. Harris then timely appealed.

## Law and Analysis

### Standing

{¶ 6} Harris claims that "[t]he trial court erred when it ignored [her] motion that it enforce R.C. 1703.29 as [Harvest] was not properly registered and licensed to do business as a foreign corporation in the State of Ohio." She claims the court should have dismissed the suit because Harvest is not a licensed foreign company capable of maintaining suit against her in Ohio.

{¶ 7} Harvest is a limited liability company formed under the laws of Colorado. In order to conduct business in Ohio, pursuant to R.C. 1705.58, it must register with the Ohio Secretary of State. However, this court has held that suing a party on a debt does not constitute "conducting business" within the state. *Bosl v. First Fin. Invest. Fund I*, 8th Dist. No. 95464, 2011-Ohio-1938.

**{¶ 8}** R.C. 1703.29(A), on which Harris relies, provides, "[t]he failure of any *corporation* to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license." (Emphasis added.) However, Harvest is a limited liability company governed by R.C. 1705 et seq., not a corporation.

**{¶ 9}** R.C. 1705.58(A) provides, "[a] foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code." Either way, Harvest may not maintain suit if it is transacting business in Ohio because this court has applied the prohibition in R.C. 1703.29 to limited liability corporations through R.C. 1705.58. *Bosl* at ¶ 17, citing *CACV of Colorado, L.L.C. v. Hillman*, 3rd Dist. No. 14-09-18, 2009-Ohio-6235.

**{¶ 10}** The courts of this jurisdiction, in determining the extent of activities that constitute "transacting business," have excluded filing a law suit. *Abrams v. Elsoffer*, 8th Dist. No. 51556 (Jan. 22, 1987); *Bosl*; *Collins Fin. Servs., Inc. v. Ballard*, Cuyahoga C.P. No. CV-638304 (May 18, 2009).

**{¶ 11}** Recently, the *Bosl* court held that "[a] foreign corporation's activities must be permanent, continuous, and regular to constitute 'doing business' in Ohio." Id. at ¶ 18, citing *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174. That court went on to hold: "Given that appellees were not 'transacting business,' but merely attempting

to collect a debt, by hiring a domestic law firm to file suit, they were not required to register with the Ohio Secretary of State before filing suit * * *." Id. at ¶ 23.

{¶ 12} The facts of *Bosl* are substantially similar to the instant case. Harvest, like the creditor in *Bosl*, is attempting to collect on a debt that it purchased outside Ohio from a foreign corporation and with no evidence of any contacts with the state apart from hiring a domestic law firm to prosecute the litigation.

{¶ 13} Further, Harris failed to raise this argument in her motion for summary judgment. It first appears in her motion requesting recusal of the trial judge filed on March 29, 2011, titled "Affidavit of Fact Demand for Recusal." This was not incorporated into her motion for summary judgment and was filed after summary judgment motions and responses were submitted. The failure to obtain a license under R.C. 1703.29 is not a jurisdictional issue, but rather a defense that can be waived if not raised at the proper time. *Novak v. Boyle*, 8th Dist. No. 87165, 2005-Ohio-5839, ¶ 6, citing *P.K. Springfield, Inc. v. Hogan*, 86 Ohio App.3d 764, 621 N.E.2d 1253 (2nd Dist. 1993); *Dot Sys., Inc. v. Adams Robinson Ent., Inc.*, 67 Ohio App.3d 475, 587 N.E.2d 844 (4th Dist. 1990); and *Allstate Fin. Corp. v. Westfield Serv. Mgt. Co.*, 62 Ohio App.3d 657, 577 N.E.2d 383 (12th Dist. 1989). Harris's motion for summary judgment did not raise this issue, and Harvest did not have the opportunity to properly respond. As a result, the record is unclear on whether Harvest is actually registered to transact business in Ohio.[2]

---

[2] Harvest claims in its appellate brief that it is registered and licensed in Ohio as a foreign company, but nothing in the record evidences this.

{¶ 14} For these reasons, the trial court did not err in not dismissing Harvest's suit based on an alleged failure to register with the Ohio Secretary of State. This assignment of error is overruled.

## Default Judgment

{¶ 15} Harris's second assignment of error claims that "[t]he trial court erred when it ignored [her] Motion for Default Judgment and all Ohio Jurisprudence submitted as evidence pertaining to non-compliance with Civ.R. 7(A) and 12(A)(2) and when it allowed [Harvest] to submit a Motion for Summary Judgment while being in default on its reply to [her] counterclaim, despite all of the Ohio Jurisprudence regarding equitable estoppel submitted as evidence."

{¶ 16} Generally, a court has broad discretion over procedural matters such as accepting pleadings filed outside of rule. However, that discretion is not unlimited. *Gibbons v. Price*, 33 Ohio App.3d 4, 514 N.E.2d 127 (8th Dist. 1986). Civ.R. 12(A)(1) provides that a defendant shall serve an answer within 28 days after service is received. But, Civ.R. 6(B) permits the enlargement of time to file a response upon a showing of excusable neglect once the original period has passed. "A trial court does not necessarily abuse its discretion when it permits a tardy filing even if a party has not provided an explicit reason for delay unless the other party is prejudiced by the delay." *White v. Belcher*, 8th Dist. No. 84214, 2004-Ohio-5873, ¶ 8, citing *Howland v. Lyons*, 8th Dist. No. 77870, 2002-Ohio-982; *Zimmerly v. Cleveland Clinic Found.*, 8th Dist. No. 73104 (July 30, 1998). In order to have an abuse of that choice, the result must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the

perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959).

{¶ 17} Civ.R. 55(A) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *." In *Howland*, this court stated, "[w]hen determining whether to permit a tardy filing, judges must consider all surrounding facts and circumstances, while remaining mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." (Citations omitted.)

{¶ 18} In *Belcher*, we required a showing of prejudice in order to overturn a trial court's acceptance of a tardy answer to a complaint when an answer was submitted before a motion for default or summary judgment was filed.

{¶ 19} Harvest's answer was late, but it was filed before Harris moved for default or dismissal. Therefore, the trial court was within its discretion in accepting the tardy filing where, as here, Harris made no showing of prejudice.

{¶ 20} Harvest filed an answer with the Euclid Municipal Court, which was contained in the record when transferred to the Cuyahoga County Common Pleas Court. Harris was also served with a copy, as evidenced by the certificate of service, although she denies receiving a copy of the pleading. It was within the trial court's discretion to accept Harvest's answer and to deny Harris's motion for default judgment.

**{¶ 21}** The trial court did not abuse its discretion in allowing Harvest to file an answer and motion for summary judgment, and denying Harris's motion for default judgment. This second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR