**BROWNFIELD, Admr., Plaintiff-Appellant v HOME OWNERS LOAN CORPORATION, Defendant-Appellee.**

Ohio Appeals, 2nd District, Franklin County.

No. 3517.   Decided September 23, 1942.

.Lyman Brownfield, Columbus, for plaintiff-appellant.
Noel Greenlee, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Probate Court of Franklin County, Ohio.

In the trial court demurrer was sustained to plaintiff's petition, and not desiring to plead further, the action was dismissed.

Within due time notice of appeal was regularly filed.

The sole and only question for our consideration and determination is the sufficiency of the petition.

Plaintiff's petition in substance, among other things, alleges that he was the duly appointed administrator of the estate of Liella Scully, deceased, having been so appointed by the Probate Court of Franklin County, Ohio, on the 17th day of February, 1942.

All the next of kin, naming the degree of kinship, are made parties defendant. The Home Owners Loan Corporation is also made a defendant and it is set out in the petition that on or about May 1, 1941, this defendant commenced an action in the Common Pleas Court of Franklin County, Ohio, for the foreclosure of a mortgage which it held against real estate owned by decedent. It is further averred that all next of kin were made parties defendant.

The foreclosure action proceeded to sale of the premises, the property being purchased by the Home Owners Loan Corporation at a price less than the amount of its mortgage. The sale was confirmed and sheriff's deed executed and delivered.

It is further alleged in the petition that the real estate against which the mortgage existed was the only property owned or held by the decedent at the time of her death. There was no personal estate.

At the time of the foreclosure action no administration had been taken out in decedent's estate, consequently no personal representative was made party defendant in the foreclosure action. Such foreclosure action was commenced about four months after decedent's death. The petition makes no allegation of any irregularity in the foreclosure proceedings, except the failure to have administrator appointed and made a party defendant.

It is the contention of counsel for plaintiff that this is a jurisdictional requirement.

It is strange that this question has not been before the Ohio courts in recent years, or at least, if so, the cases are not reported. We are referred to several cases in some other jurisdictions wherein it is held that administrators or executors are not necessary parties in a foreclosure action where no deficiency judgment is sought to be obtained.

Counsel for plaintiff-appellant urges that these cases from foreign jurisdictions may not be accepted as precedents, due to the statutory requirements of many states providing strict foreclosure.

Counsel for plaintiff-appellant refers to two Nisi Prius cases, both very old. The first is that of Hall, et al., Admr., v Musler, et al., 12 O. D. R., 471, (Vol. 1, Disney, page 36). This decision bears date of 1855, opinion by Storer, Judge, reputed to have been a very able jurist. This case supports appellant's contention that administrators are necessary parties in a foreclosure action.

The next case is that of Bateman, Admr., v Morris, (Clark County Probate Court), Vol. 4, Ohio N. P. 397. This case was decided some time near 1897, and we also recognize Judge Rockel as an able jurist. This case supports appellant's position.

We are referred to two Circuit Court decisions holding directly opposite views. It is urged that the factual situations were different, and hence the cases are not entitled to any weight as a precedent. An examination of these Circuit Court decisions does disclose that there is a difference in the factual situation, but we think the question of the necessity of an administrator or executor being made a party defendant was necessarily involved and decided.

In the case of McMahon, et al., v Davis, et al., Vol. 19 C. C. 242, the syllabus reads as follows:

"In proceedings to foreclose a mortgage after the death of the mortgagor where no money judgment is demanded, the administrator of a deceased mortgagor is not a necessary party."

This case was decided in 1899.

The next case is that of Sherman v Millard, 6 C. C. N. S. 338, decided in 1904. The fifth syllabus reads as follows:

"The administrator of a deceased mortgagor is not a necessary party to a proceeding for foreclosure of the mortgage, although he may be a proper party where the equity of redemption is of any value; and inasmuch as a purchaser at foreclosure sale is subrogated to all the rights of the mortgagee, his title cannot in the absence of fraud or collusion, be impeached by the general creditors or by the administrator where the value of the property proves less than the mortgage debt."

We also cite without further comment cases in foreign jurisdictions supporting the principle that in foreclosure proceedings where mortgagor is deceased, personal representative is not a necessary party defendant:

Broker, Admr., v Stallard, 34 Oklahoma, 612;

Bank v Stark, 106 Cal., 202.

Herron v Stevenson, et al., 258 Pa., 354.

Trakier v Waldo, 16 S. C. 276.

Jefferson v Banks, 197 N. Y. 35.

Independent of precedent, we are constrained to the view that under the allegations of the petition in the instant case, the plaintiff-administrator was not a necessary party in order to give the court jurisdiction to order sale under foreclosure proceedings.

It is a well recognized principle that following death all real estate passes to the heirs. There is a statutory provision authorizing an administrator or executor to procure the sale of all real estate when needed to pay debts, or where directly provided under a will. The petition in the instant case does allege that there was at least one debt in addition to the mortgage obligation. However, it clearly appears from the petition that this debt would have no standing since the mortgage lien would be prior, the property not bringing sufficient to pay such lien.

Counsel for plaintiff-appellant in his brief points out the possible detrimental results which might follow if the practice be adopted of selling decedents' estates without making the administrator a party. Suffice it to say that no such situation is disclosed in the instant case. Neither mortgagor, if living, the next of kin and heirs, nor the administrator have any beneficial interest in this real estate. All that any of them would have would be an equity of redemption. The sale price being less than the mortgage lien, there was no equity to be redeemed.

To grant to the present plaintiff in the instant case an order of sale would be doing a vain thing. Nothing would be accomplished thereby except additional costs.

We are constrained to the view that the judgment of the trial court was correct and the same is affirmed.

Costs in this court will be adjudged against plaintiff-appellant.

GEIGER, PJ., and HORNBECK, J., concurring.