DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, we are asked to determine whether the Huron County Court of Common Pleas abused its discretion in denying appellant's motion for relief from judgment made pursuant to Civ.R. 60(B). The following procedural facts are relevant to our disposition of this cause.
 {¶ 2} On July 23, 2001, appellee, Countrywide Home Loans, Inc., f.k.a. Countrywide Funding Corporation, d.b.a. America's Wholesale Lender ("Countrywide"), filed a foreclosure action against Marilyn S. Wilson, and her husband, Leon A. Wilson. Countrywide alleged that Marilyn and Leon were in default on a promissory note, which was secured by a mortgage on their residence. The amount owed on the promissory note was $88,861.91, plus interest at the rate of 7.125 percent per annum. Countrywide also named the Treasurer of Huron County as a defendant.
 {¶ 3} The record reveals that Marilyn Wilson accepted service of the complaint for both herself and Leon. Marilyn and the treasurer answered the complaint; Leon did not file an answer. On November 1, 2000, Countrywide filed a motion for summary judgment. Marilyn did not file a memorandum in opposition to the motion for summary judgment. On November 28, 2000, however, she filed a suggestion of death that established that Leon died on October 11, 1999.
 {¶ 4} Neither Marilyn nor Countrywide ever filed a motion for the substitution of the proper party. Instead, Countrywide filed an amended complaint naming the following defendants: (1) Marilyn; (2) the state of Ohio, Department of Taxation; (3) "John Doe, Unknown Spouse, if any, of Marilyn S. Wilson;" and (4) "The Unknown Heirs, Creditors, Devisees, Legatees, Administrators, Executors and Assigns of Leon A. Wilson, Deceased."
 {¶ 5} Marilyn accepted service of the amended complaint for herself and for the "unknown spouse, if any." The remaining defendants were served by publication. Countrywide then renewed its motion for summary judgment. In response, Marilyn alleged that the mortgagee on the note was America's Wholesale Lender. She maintained that Countrywide failed to offer evidence of that fact that America's Wholesale Lender ever assigned the note to Countrywide.
 {¶ 6} On September 3, 2002, the trial court granted Countrywide's motion for summary judgment. On January 8, 2003, the court ordered the sale of the mortgaged residence. On March 24, 2003, the sale was stayed during the pendency of Marilyn's bankruptcy proceedings. This case was reinstated on the trial court's active docket on June 9, 2003, and the residence was sold at a sheriff's sale. On July 14, 2003, the court below entered a judgment that confirmed the sale and, except for court costs and the cost of preparing a deed, distributed the proceeds to Countrywide.
 {¶ 7} On July 25, 2003, appellant, the "Estate of Leon Wilson," filed a motion for relief from judgment. Appellant asserted that the court's judgment should be vacated due to the lack of service on the executor of Leon's estate. In Marilyn's affidavit in support of the motion, she averred that Leon's estate was recently opened in the Huron County Court of Common Pleas, Probate Division. She also stated that no prior estate was opened; "therefore, there was no fiduciary to receive proper service."
 {¶ 8} The common pleas court found that appellant failed to present a meritorious defense, that the "estate failed to identify any ground set forth in Civ.R. 60(B) pursuant to which it seeks relief," and that the motion was not timely.
 {¶ 9} Appellant appeals this judgment and asserts the following assignment of error:
 {¶ 10} "The trial court erred in denying defendant's/appellant's Civ.R. 60(B) motion where all parties were not properly served."
 {¶ 11} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the estate was required to demonstrate that it had a meritorious defense, that its motion was timely, and that it was entitled to relief on one of the five grounds stated in the rule. GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 150. Civ.R. 60(B) relief is inappropriate if any one of the three requirements is not satisfied. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151.
 {¶ 12} We cannot reverse a trial court's decision on a Civ.R. 60(B) motion absent an abuse of discretion. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} We affirm the judgment of the trial court because, in this particular case, Countrywide was not required to make the personal representative of Leon Wilson's estate a party to the foreclosure action. Thus, the failure to serve the personal representative of his estate is not a meritorious defense.
 {¶ 14} In general, the personal representative of the estate of a deceased mortgagor is not a necessary party to a proceeding for the foreclosure. Brownfield v. Home Owners Loan Corp.
(1942), 38 Ohio Law Abs. 30, 49 N.E.2d 92, citing Sherman v.Millard (1904), 6 C.C.N.S. 338. See, also, AssociatesFinancial Serv. v. Bullard (Nov. 20, 1998), 2nd Dist. No. 98-CA-20. The only exception to this rule occurs when there are other claimed debts in addition to the mortgage obligation.Associates Financial Serv. v. Bullard, supra, citingBrownfield v. Home Owners Loan Corp., supra.
 {¶ 15} In this case, the only claim involved is the default on the mortgage. Thus, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant's sole assignment of error is found not well-taken.
 {¶ 16} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Judgment affirmed.
Peter M. Handwork, P.J. Judith Ann Lanzinger, J. ArleneSinger, J. CONCUR.