OPINION
{¶ 1} Plaintiff-appellant Kirk Bros. Co., Inc. ("Kirk") brings this appeal from the judgment of the Court of Common Pleas of Seneca County in favor of defendants-appellees Advanced Aquatics, Inc., et al. ("Advanced"). For the reasons stated below, the judgment is affirmed.
 {¶ 2} Kirk is an Ohio corporation engaged as a general contractor in the construction and renovation of water and waste treatment plants. Advanced is a business entity operated from Williamsburg, Ohio, but is neither incorporated in nor licensed to conduct business in Ohio. On November 11, 2003, Kirk was awarded a public works contract. Advanced submitted a bid for certain portions of the contract totaling $51,600.00. Kirk accepted the bid and on April 9, 2004, the parties entered a contract for the work. Between April 2004 and January 21, 2005, Advanced did not complete the work to Kirk's satisfaction. Thus, Kirk terminated the contract on January 25, 2005. On February 3, 2005, Advanced returned a waiver of mechanics lien in acknowledgment of payment of $22,325.94. Kirk then hired another company to complete the job. *Page 3 
 {¶ 3} On July 21, 2005, Kirk filed a complaint seeking declaratory judgment on the execution of the mechanics lien and for breach of contract. Advanced filed an answer and counterclaim on October 17, 2005. The counterclaim alleged that Kirk had breached the contract. On November 2, 2006, Kirk filed a motion for summary judgment and a motion to dismiss the counterclaim based upon the fact that Advanced is not licensed to do business in Ohio. Advanced filed its memorandum contra the motion to dismiss and motion for summary judgment on November 17, 2006. On December 18, 2006, the trial court overruled the motion to dismiss and the motion for summary judgment. A jury trial was held on January 16, 17, 18, 19, 22, and 23, 2007. During trial Kirk moved for a directed verdict seeking dismissal of Advanced claims for breach of contract and for equitable remedies. Advanced moved for a directed verdict as to Kirk's cause of action for declaratory judgment. The trial court denied Kirk's motion to dismiss the breach of contract claim, but granted a directed verdict to Kirk on the equitable claims. The trial court also granted a directed verdict to Advanced on Kirk's request for declaratory judgment, leaving only the breach of contract claim for the jury's consideration. After deliberation, the jury returned a verdict in favor of Advanced on Kirk's complaint and found in favor of Advanced on its counterclaim for breach of contract. The jury determined that Kirk owed *Page 4 
Advanced $12,900.00. The trial court entered the judgment on January 23, 2007. Kirk appeals from this judgment and raises the following assignments of error.
 The trial court committed prejudicial error as a matter of law by allowing a foreign corporation not licensed to conduct business in the State of Ohio to maintain an action in an action contrary to [R.C. 1703.01 — 1703.31].
 The trial court [erred] as a matter of law by failing to strictly enforce a written construction contract that required additional, altered or extra work orders to be made in writing by allowing testimony about extra work without a written change order authorization for extra work.
 The trial court [erred] as a matter of law by allowing the jury to consider testimony assertions about percentages of contract completion without evidence of specific itemizations of damages necessary to show breach of a written construction contract.
 {¶ 4} In the first assignment of error Kirk claims that Advanced cannot bring the counterclaim because they are not licensed to conduct business in Ohio. There is no dispute that Advanced at that time was not licensed to conduct business in Ohio. Pursuant to R.C. 1703.29 an unlicensed foreign corporation is not permitted to maintain any action in any Ohio court until it has obtained a license. However, the failure to comply with R.C. 1703.29 and obtain standing is an affirmative defense to a claim that must be specifically raised. P.K.Springfield, Inc. v. Hogan (1993), 86 Ohio App.3d 764, 621 N.E.2d 1253. If the defense is not raised at the appropriate time, it is waived. Id.
 It is not necessary to aver the capacity of a party to sue * * *. When a party desires to raise an issue as to the legal existence of *Page 5 any party or the capacity of any party to sue or be sued * * *, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
Civ.R. 9(A). "Accordingly, if capacity to sue is not raised by specific negative averment under Civ.R. 9(A), it will be waived under Civ.R. 12(H)." Dot Systems, Inc. v. Adams Robinson Ent., Inc. (1990),67 Ohio App.3d 475, 481, 587 N.E.2d 844. Thus, "if a party does not raise by way of a defense, the absence of a license for a foreign corporation to do business in Ohio, the issue is waived." Id.
 {¶ 5} Here a review of the record indicates that although Kirk's complaint does state that Advanced is not a licensed corporation, the answer to the counterclaim does not make a specific negative averment. In fact, the answer to the counterclaim is silent as to Advanced's capacity to bring a counterclaim. Thus, the affirmative defense was not pled. Although Kirk raised the issue on summary judgment, this did not occur until more than a year after the counterclaim was filed. Kirk had notice of the issue in July of 2005, but chose not to raise the issue until November of 2006. This fact is sufficient evidence to support the trial court's finding that Kirk had waived the defense. Thus, the trial court did not err in allowing the counterclaim to proceed. The first assignment of error is overruled.
 {¶ 6} Kirk's second assignment of error claims that the trial court erred in allowing Advanced to present evidence of work done outside the contract. *Page 6 
However, this evidence was presented by Advanced in its case in chief on its counterclaim for equitable remedies. At that time in the trial, Advanced's equitable claims had not been dismissed and Advanced had the burden of presenting the evidence to support those claims. Following the close of the evidence, Kirk moved for a directed verdict on Advanced's counterclaim. The trial court granted a directed verdict as to the counterclaims sounding in equity. Until the directed verdict was granted, the evidence was relevant to the trial.
 {¶ 7} Kirk's argument is that the jury was misled by this testimony and the evidence should not have been admitted. Kirk did file a motion in limine restricting testimony on equitable claims concerning unjust enrichment and quantum meruit, which the trial court ultimately granted at the close of the evidence. Tr. 1246. No evidence concerning these issues was to be considered by the jury. However, prior to trial Kirk did not file a motion for summary judgment on the equitable claims for relief. Without any reason to dismiss the claims, the trial court had no choice but to allow Advanced to present evidence in support of its claim. Even after it did present evidence, the trial court determined that the evidence was insufficient to support the claim and dismissed it. Tr. 1247. "[S]imply put, this is a breach of contract case on a public works contract, unjust enrichment, quantum meruit are not applicable * * * in this case." Id. The trial court also concluded that it was ambiguous as to whether the requirement that any *Page 7 
"change order" must be in writing was placed in the purchase order. Tr. 1250. The trial court also specifically instructed the jury that it was only to determine if there was a breach of the contract by Kirk and award damages for that only, not for any additional work that may have been completed. The amount of damages added to what was already paid to Advanced is still less than the amount of the original contract. Thus there is no evidence that the additional testimony caused the jury to be misled as claimed by Kirk. The trial court did not err in allowing the testimony and the second assignment of error is overruled.
 {¶ 8} In the final assignment of error, Kirk claims that the trial court erred by not requiring specific itemization of damages rather than testimony of percentages of work completed in order to receive damages for extra work. Kirk argues that to recover for extra work where there is a written building contract, a written change order must be provided. However, this argument does not apply in this case. The trial court specifically instructed the jury to only award damages that were the result of the breach of contract. The trial court specifically removed the issue of equitable relief due to the alleged extra work from the jury by granting a directed verdict to Kirk on that issue. The amount of damages awarded by the jury, when added to the amount received by Advanced from Kirk, did not exceed the amount of the original contract between Advanced and Kirk. Although Kirk argues that the jury must have been misled by all the testimony it *Page 8 
heard concerning additional work, there is no evidence of this in the record. Thus, this court cannot find error with the jury's verdict. The third assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1