[Cite as *BAC Home Loans Servicing, L.P. v. Komorowski*, 2012-Ohio-1341.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96631**

# BAC HOME LOANS SERVICING L.P.

PLAINTIFF-APPELLEE

vs.

# KENNETH J. KOMOROWSKI, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-699101

**BEFORE:**   Cooney, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   March 29, 2012

**ATTORNEY FOR APPELLANT**

Scott D. Simpkins
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
55 Public Square, Suite 1950
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEES**

**For BAC Home Loans Servicing**

Stacy L. Hart
Julia E. Steelman
Lerner, Sampson & Rothfuss
120 East Fourth Street, Suite 800
Cincinnati, OH   45202

**For Dollar Bank**

Dollar Bank
Three Gateway Center, 9th Floor
Pittsburgh, PA 15222

**For Fifth Third Bank**

Fifth Third Bank
Legal Department
530 Walnut Street, 7th Floor
Cincinnati, OH   45202

**For State of Ohio Estate Tax Division**

Melanie Cornelius
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH 43215

**For Target National Bank**

Target National Bank f/k/a
Retailers National Bank
3701 Wayzata Blvd.
MS-3CG
Minneapolis, MN 55416

**For Unifund CCR Partners Assignee**

J. Louis Kurtzer
P.O. Box 42465
Cincinnati, OH 45242

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Terese Komorowski ("Terese"), appeals the trial court's denial of her motion to vacate a foreclosure decree and order confirming the sheriff's sale of her house. We find no merit to the appeal and affirm.

{¶2} In February 2004, Terese's husband, Kenneth Komorowski, signed a promissory note to borrow $148,700 from America's Wholesale Lender to purchase a house in Westlake. Terese and Kenneth executed a mortgage that identified America's Wholesale Lender as the lender. The mortgage also provided that Mortgage Electronic Systems, Inc. ("MERS") "is acting solely as a *nominee* for Lender and Lender's successors and assigns." (Emphasis sic.)

{¶3} Kenneth made timely payments for five years before he became ill and defaulted on the note in April 2009. BAC Home Loans Servicing L.P. ("BAC") notified Kenneth that his loan was in default and accelerated the mortgage shortly before he died on June 14, 2009.

{¶4} Ten days after Kenneth's death, Terese sent a cashier's check to BAC in the amount of $5,143, which was intended to cover past due mortgage payments for April, May, and June 2009, as well as an advance payment for the month of July 2009. However, BAC returned the check with a form indicating it would not accept the funds because Terese Komorowski was not a party to the loan.

{¶5} BAC filed the complaint in foreclosure on July 20, 2009. The complaint named Kenneth Komorowski as a defendant because he was the sole obligor on the note.

The complaint also named Terese Komorowski as a party defendant because she was a current title holder of the property. BAC later amended the complaint to substitute Kenneth Komorowski with "the Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and the Unknown Guardians or Minors and/or Incompetent Heirs of Komorowski" ("Unknown Heirs"). It is undisputed that BAC did not attempt to name the Estate of Kenneth Komorowski as a party defendant. It is also undisputed that no estate for Kenneth had been opened at that time.

{¶6} There is an "Assignment of Mortgage" attached to the complaint signed by Shellie Hill ("Hill") on July 9, 2009, which purports to assign the mortgage to BAC. The assignment indicates that Hill is "Assistant Secretary and Vice President" of MERS. The assignment, which was prepared by the law firm of Lerner, Sampson & Rothfuss, states, in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, that the undersigned, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, it successors and assigns, whose address is PO Box 7814 Ocala, FL 34478, does hereby sell, assign, transfer and set over unto BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., whose address is 7105 Corporate Drive, Mail Stop PTX-C-35, Plano, TX 75024, a certain mortgage from Kenneth J. Komorowski, a married man and Teresa [sic] M. Komorowski, his wife to Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, its successors and assigns dated February 27, 2004, recorded March 5, 2004, as Instrument Number 200403051022, in the Office of the Cuyahoga County Recorder, and all sums of money due and to become due thereon, and secured by the following real estate: * * *.

{¶7} After obtaining service on the unknown heirs by publication, BAC moved for and obtained a default judgment against Terese and the unknown heirs. The foreclosure magistrate recommended granting the default judgment on May 20, 2010. On June 8, 2010, Terese's trial counsel filed an answer and a stipulation for leave to file an answer. On June 18, 2010, the trial court adopted the magistrate's decision granting the default judgment. The journal entry granted BAC a decree in foreclosure and authorization to order a sheriff's sale of the property. In a separate entry, the court struck the Komorowski's stipulation for leave to file an answer because the stipulation did "not contain the signature of plaintiff's counsel or any indication that plaintiff's counsel gave her consent by telephone," and struck the untimely answer. The Cuyahoga County Sheriff sold the property on August 25, 2010 to the Federal National Mortgage Association.

{¶8} On December 13, 2010, Terese Komorowski filed a motion to vacate order confirming the sheriff's sale and foreclosure decree, arguing that because BAC failed to serve the Estate of Komorowski, it failed to serve a necessary party and the judgment is void ab initio. The court denied the motion to vacate and Terese's subsequent motion for reconsideration. This appeal followed.

{¶9} Terese raises six assignments of error contending the trial court erred: (1) in denying her motion to vacate decree of foreclosure and confirmation of sheriff's sale; (2) in failing to grant her motion for reconsideration, (3) in denying her stipulation for leave

to file an answer and striking her answer; (4) granting BAC's motion for default judgment; (5) issuing the decree of foreclosure; and (6) issuing the decree of confirmation of the sheriff's sale. Terese argues the court made these errors because it acted without jurisdiction. Terese claims the court lacked jurisdiction because BAC failed to serve the Estate of Kenneth Komorowski, which was a necessary party. We address these assigned errors together because they are interrelated and because Terese has not argued them separately.

Standard of Review

{¶10} An appellate court will not reverse the trial court's ruling on a motion for relief from judgment unless the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion standard requires a showing that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *In re Jane Doe 1*, 57 Ohio St.3d 135, 137, 566 N.E.2d 1181 (1991). When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶11} To prevail on a Civ.R. 60(B) motion to vacate judgment, the moving party must demonstrate the following:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not

more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶12}** These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *Id.* at 151. They must be shown by "operative facts" that demonstrate the movant's entitlement to relief. *Rose Chevrolet* at 21. Although the movant is not required to submit evidentiary material in support of the motion, the movant must do more than make bare allegations of entitlement to relief. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102. "Moreover, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing." *Black v. Pheils*, 6th Dist. No. WD-03-045, 2004-Ohio-4270, ¶ 68; *Kay* at 19.

**{¶13}** However, a judgment rendered without proper jurisdiction over the action or the defendant is void rather than voidable. *Patton v. Deimer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). If the judgment is void, the trial court has the inherent power to vacate the judgment and a party need not seek relief under Civ.R. 60(B). *Id.*

<u>Service</u>

**{¶14}** Terese argues she has a meritorious defense if relief is granted. Specifically, she argues the default judgment and subsequent judgments flowing therefrom are void because BAC did not have service on a necessary party. Terese

asserts: "it is axiomatic that a deceased person may not be sued (only the administrator or executor of an estate of deceased person in his or her representative capacity may be sued) and that a lawsuit brought against a dead person is a legal nullity." In support of this argument, Terese relies on *Baker v. McKnight*, 4 Ohio St.3d 125, 447 N.E.2d 104 (1983), *Wells Fargo Bank NA v. Unknown Heirs of Irene Wackerle,* 8th Dist. No. 96223, 2011-Ohio- 4261, and *Wells v. Michael*, 10th Dist. No. 05AP-1353, 2006-Ohio-5871. None of these cases support her argument.

{¶15} This court dismissed *Wells Fargo Bank v. Unknown Heirs of Irene Wackerle* for lack of a final appealable order, without reaching the merits of the case. *Baker* and *Wells* are distinguishable because they both involve personal injury claims against defendants who died before the complaint was filed rather than claims involving real property. In *Baker*, the plaintiffs filed suit against John J. McKnight for damages resulting from a motor vehicle accident. After the statute of limitations ran, the plaintiffs learned that McKnight had died before they filed their complaint. They sought leave to amend their complaint to name the Estate of John J. McKnight pursuant to Civ.R. 15(C), which the trial court denied. The trial court's decision was affirmed on appeal. However, the Ohio Supreme Court held that where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence, which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed, has met the requirements of the applicable statute of limitations and

commenced an action pursuant to Civ.R. 3(A). *Baker* at syllabus. Accordingly, the Supreme Court held that such complaint may be amended to substitute an administrator of the decedent's estate for the original defendant after the limitations period has expired. *Id.*

{¶16} Implicitly, *Baker* holds that a plaintiff in a personal injury action must sue a deceased defendant's estate as opposed to the deceased individual, in order to pursue the plaintiff's claims. Such a rule makes sense in personal injury cases because the defendant who allegedly caused the harm is solely responsible for the harm and because monetary damages are sought against the estate. Foreclosure cases and litigation involving real property are different because "following death, all real estate passes to the heirs." *Rinehart v. Wilkes*, 10th Dist. No. 84AP-952, 1985 WL 10297 (May 23, 1985). "Upon such circumstance, the next of kin have an immediate beneficial interest in the real estate." *Id.*, citing *Brownfield v. Home Owners Loan Corp.*, 38 Ohio Law. Abs. 30, 49 N.E.2d 92 (Franklin Cty. 1942). Hence, in an action to foreclose a mortgage brought after the death of the mortgagor, the heirs and devisees of the mortgagor are necessary parties. *CitiMortgage Inc. v. Bumphus*, 6th Dist. No. E-10-066, 2011-Ohio-4858; *Gary v. May*, 16 Ohio 66, 76, 1847 WL 13 (1847); and *Rinehart*.

{¶17} Although BAC initially sued Kenneth individually and Terese as a title holder, it amended the complaint, with leave of court, to substitute the unknown heirs in Kenneth's place. Further, BAC also served Terese because she was a current title holder

on the property and had an interest in the property. Therefore, BAC sued the appropriate parties in its foreclosure claim, and the first assignment of error is overruled.

Standing

{¶18} Terese also argues all judgments rendered in this case are void because BAC lacked standing to sue her and Kenneth's heirs. Although Terese did not raise this issue in the trial court, the issue of standing may be raised at any time during the pendency of the proceedings because it affects the court's jurisdiction. *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 513 N.E.2d 302 (1987), paragraph two of the syllabus.

{¶19} Terese claims the assignment of the mortgage from MERS to BAC is invalid because Hill, who executed the assignment on behalf of MERS, did not have authority to execute a valid assignment on behalf of MERS. Terese refers this court to a website where Hill's deposition in another foreclosure case is posted. However, this is not part the record on appeal for us to review.[1]

{¶20} Therefore, Hill's deposition constitutes evidence outside the record of the trial court's proceedings and this Court may not consider it. *McAuley v. Smith*, 82 Ohio St.3d 393, 396, 696 N.E.2d 572 (1998).

---

[1] Terese's claim that this issue was raised in her motion for reconsideration is not well taken. Her motion for reconsideration was a nullity. *See Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981).

Stipulation for Leave to Plead

{¶21} Terese also argues the trial court erred in striking her answer and stipulation for leave to plead. Terese filed the answer and stipulation for leave to plead after the answer deadline had passed. In striking the stipulation, the court noted that there was no indication that BAC had consented to allowing Terese leave to plead. Moreover, the trial court has an inherent right to control its own docket. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Parties cannot unilaterally extend deadlines without the consent of the court. Civ.R. 6 states that the court has discretion whether to extend deadlines.

{¶22} Accordingly, the assignments of error are overruled.

{¶23} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., CONCURS;
JAMES J. SWEENEY, J., CONCURS IN JUDGMENT ONLY