[Cite as *CapitalSource Bank v. Hnatiuk*, 2016-Ohio-3450.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103210

---

## CAPITALSOURCE BANK, ETC.

PLAINTIFF-APPELLEE

vs.

## MARTHA M. HNATIUK, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-782513

**BEFORE:**     Boyle, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**     June 16, 2016

**FOR APPELLANT**

Paul Hnatiuk, pro se
3302 Wales Avenue
Parma, Ohio   44134


**ATTORNEYS FOR APPELLEES**

**For CapitalSource Bank**

David N. Patterson
Patterson & Simonelli
33579 Euclid Avenue
Willoughby, Ohio   44094

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Colleen Majeski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**For Halon, L.L.C.**

Benjamin Golsky
27 N. Wacker Drive, #503
Chicago, Illinois   60606

**For Andrew and Clementine Hnatiuk**

Andrew Hnatiuk, pro se
Clementine Hnatiuk, pro se
131 Riverbrook Ct., Unit 2
Myrtle Beach, South Carolina   29588

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Paul Hnatiuk ("Paul"), appeals the trial court's judgment adopting the magistrate's decision, ordering foreclosure of the subject property, and granting judgment in favor of substitute plaintiff-appellee, Halon, L.L.C. Finding no merit to the appeal, we affirm.

### A. Procedural History and Facts

**{¶2}** In May 2012, CapitalSource Bank FBO Aeon Financial, L.L.C. ("Aeon") refiled this tax certificate foreclosure action against the following named defendants: (1) Martha M. Hnatiuk; (2) spouse, if any, of Martha M. Hnatiuk; (3) Paul Hnatiuk; (4) spouse, if any, of Paul Hnatiuk; (5) Andrew Hnatiuk; (6) Clementine Hnatiuk; (7) Cuyahoga County treasurer; and (8) the unknown heirs, at law or under the will, if any, of Martha M. Hnatiuk, all of whom have an alleged interest in the subject property located in Parma, Ohio. The record reflects that Martha M. Hnatiuk, who is deceased, was the sole title owner of the property.

**{¶3}** The Cuyahoga County treasurer answered the complaint, admitting that it has some interest in the property and that the treasurer is due taxes on the property.

**{¶4}** On June 4, 2013, Aeon moved for summary judgment on its claims, arguing that (1) it is the certificate holder of the tax certificates; (2) it is "vested in the first lien"; and (3) it complied with all the statutory requirements of R.C. Chapter 5721, thereby entitling it to a foreclosure order as a matter of law. Aeon also moved for default

judgment against all defendants, except Paul and the county treasurer, on the basis that those defendants failed to answer or otherwise respond.

{¶5} On July 9, 2013, after filing several requests for extension of time to answer or plead, Paul filed a reply to Aeon's motion for summary judgment, arguing that Aeon's complaint should be dismissed "for failure to serve defendant Martha M. Hnatiuk (deceased), the titleholder to the subject premises." Paul further stated that he provided "thousands of hours of service for [his] mom, prior to her death, and that [his] claims go ahead of any of plaintiff's claims." Paul also filed a motion to dismiss on the same grounds asserted in his reply brief.

{¶6} Aeon responded to Paul's motion to dismiss, arguing that, aside from Paul's motion being untimely, it had no merit: the docket reflects that Aeon had perfected service on all of the defendants. Aeon further argued that Paul's motion relies solely on a defense belonging to a codefendant, whom he does not represent, and therefore, has no authority to assert such a defense on the party's behalf.

{¶7} On July 26, 2013, Paul filed another motion to dismiss, arguing that the trial court lacked jurisdiction because "service was not perfected within one year of the complaint." Aeon responded to this motion, again asserting that it had perfected service against Paul within a year, that Paul lacked standing to assert a defense belonging to a codefendant, and that Paul's motion was untimely.

{¶8} On September 26, 2013, Aeon moved for summary judgment again, asserting the same arguments raised in its first motion.

{¶9} On October 28, 2013, the trial court denied Paul's motion to dismiss for failure to serve the titleholder, Martha M. Hnatiuk (deceased); the trial court also denied Paul's motion to dismiss for lack of jurisdiction. On this same day, Paul moved for a ten-day extension to respond to the outstanding motions, as well as additional time to answer or cross-claim. The trial court granted Paul an extension until December 2, 2013, and set a hearing for that day on all outstanding motions.

{¶10} On December 2, 2013, Paul filed a "motion to dismiss and brief in opposition to plaintiff's motion for summary judgment," again arguing that Aeon failed to serve Martha Hnatiuk or the estate of Martha Hnatiuk. Paul further argued that Aeon's claims were not timely commenced. On this same day, Paul also filed his answer. Although he asserted several affirmative defenses, Paul never averred that Aeon lacked the capacity to sue.

{¶11} In May 2014, Aeon moved for the court to set a hearing on Aeon's motion for summary judgment and motion for default judgment filed on June 4, 2013. The trial court granted this motion and set the matter for a hearing on July 28, 2014.

{¶12} Two weeks prior to the hearing, Aeon filed the same motion for summary judgment and motion for default judgment that it previously filed. On the day of the hearing, Paul filed two new motions: (1) "motion to dismiss and motion to substitute estate" — arguing that Aeon failed to name the estate as a defendant and failed to perfect service on the estate within one year — and (2) "motion to dismiss and motion for summary judgment as plaintiff lacks standing to bring legal action in Ohio and hence

there is no jurisdiction" — arguing that Aeon is not registered with the Ohio secretary of state, and therefore, lacks standing to bring the underlying action.

{¶13} Aeon responded to Paul's motions, contending that it had standing to bring the action under R.C. 5721.37 and that the "unknown heirs" of a decedent defendant is the proper and necessary party. Aeon further argued that it has been unable to locate an estate for Martha Hnatiuk despite a due diligent effort. In response, Paul submitted a reply brief in support of its motion for summary judgment, attaching a magistrate's order dismissing a tax certificate foreclosure case filed by CapitalSource Bank on the basis that CapitalSource Bank was not registered with the Ohio secretary of state despite transacting business in Ohio. Aeon moved to strike Paul's reply brief on the grounds that it was untimely and filed without leave of court.

{¶14} On September 4, 2014, while Paul's motion to dismiss and motion for summary judgment were pending, Aeon filed a motion to substitute plaintiff. Specifically, Aeon moved the court for an order substituting Halon, L.L.C. as plaintiff because "the tax certificates were assigned to Halon, L.L.C." In support of its motion, Aeon attached the tax certificates, reflecting that they had been transferred and assigned from Aeon to Halon, L.L.C. on August 21, 2014.

{¶15} Paul responded to Aeon's motion to substitute and filed a motion to strike, arguing that because Halon, L.L.C. and Aeon did not have standing at the inception of the case, the complaint had to be dismissed. Paul further argued that the motion to substitute "is two years too late."

**{¶16}** On March 16, 2015, the trial court granted Aeon's motion to substitute, ordering that "Halon, L.L.C." be substituted in place of the originally named plaintiff. The trial court likewise denied (1) Paul's motion to dismiss and motion to strike, and (2) Paul's motion to dismiss and motion to substitute estate. With respect to Paul's motion for summary judgment, the trial court issued the following order:

> Defendant, Paul Hnatiuk's motion to dismiss and motion for summary judgment for lack of standing, filed 7/28/2014, is denied at this time. Plaintiff's argument that it is relieved from the requirement of O.R.C. 1703.29 by O.R.C. 5723.37(C)(2) is without merit. Section 5721.37(C)(2) imposes a time limit on the plaintiff rather than relieving plaintiff from every other requirement imposed by the Ohio Revised Code for maintaining an action in Ohio's courts. However, failure to obtain a license is a technical failure that can be cured during the pendency of a suit. "Therefore any time before judgment that the license is in fact obtained fulfills the requirement of the statute with reference to maintaining an action." *E.R. Moore Co. v. Ochiltree*, 16 Ohio Misc. 45 (Ohio C.P. 1968). Substitute plaintiff, Halon, L.L.C., must present evidence that it has obtained a license pursuant to Section 1703.29 within 14 days of the date of this order. Failure to file evidence of compliance within 14 days will result in dismissal without prejudice.

**{¶17}** Halon, L.L.C. subsequently filed its evidence of registration with the Ohio secretary of state as a foreign limited liability company. Thereafter, the magistrate issued a decision, granting summary judgment in favor of plaintiff and against all defendants, including Paul, and ordering that the subject property be foreclosed.

**{¶18}** Paul filed his objections to the magistrate's decision, asserting, inter alia, that (1) Aeon "had no standing to file this case in May 2012" because of its failure to register with the Ohio secretary of state; and (2) all necessary parties have not been served, namely, the estate of Martha Hnatiuk.

**{¶19}** The trial court subsequently overruled Paul's objections and adopted the magistrate's decision, stating that the substitute plaintiff, Halon, L.L.C., presented evidence of compliance with Ohio's licensing requirement and that plaintiff has named and served the necessary parties, including the known and unknown heirs of Martha M. Hnatiuk. The trial court further granted summary judgment in favor of substitute plaintiff Halon, L.L.C. against Paul, granted default judgment in favor of Halon, L.L.C., as to the other defendants, granted foreclosure on the premises, and provided an order of distribution of the proceeds upon confirmation of the sale.

**{¶20}** From this decision, Paul appeals, raising two assignments of error. Halon, L.L.C. has failed to file an appellee brief.

### B. Standing and Capacity to Sue

**{¶21}** In his first assignment of error, Paul argues that the trial court erred in granting summary judgment because Aeon did not have "standing to sue." According to

Paul, Aeon's failure to register with the Ohio secretary of state "as required under R.C. 1703.29" affects Aeon's standing to initiate an action in common pleas court and should have resulted in the trial court dismissing the complaint. We disagree.

{¶22} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Davet v. Sheehan*, 8th Dist. Cuyahoga No. 101452, 2014-Ohio-5694, ¶ 22, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41. Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Schwartzwald* at ¶ 21. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint[.]" *Id.* at ¶ 40.

{¶23} In this case, Aeon's standing to initiate the action arises from a number of specific statutes authorizing the invocation of the judicial process for tax certificate foreclosures under R.C. Chapter 5721. Specifically, R.C. 5721.37(C)(2) expressly authorizes the commencement of a foreclosure proceeding in the name of the "certificate holder." Additionally, R.C. 5721.37(F) provides in relevant part that "the private attorney shall institute a foreclosure proceeding under this division in the name of the certificate holder to enforce the holder's lien[.]" Here, there is no dispute that Aeon was the certificate holder of the tax lien certificates at the time that the lawsuit was filed. Accordingly, Aeon had standing to commence the lawsuit.

**{¶24}** In his first assignment of error, Paul confuses two distinct legal concepts: standing and capacity to sue. Aeon's alleged failure to register with the Ohio secretary of state does not divest it of standing to bring the foreclosure action; instead, this issue relates to its capacity to sue. The Seventh Appellate District addressed this distinction, explaining as follows:

> A person can have standing but have no capacity to sue.
>
> "Capacity to sue or be sued does not equate with the jurisdiction of a court to adjudicate a matter; it is concerned merely with a party's right to appear in a court in the first instance." *National City Mtge. v. Skipper*, 9th Dist. No. 24772, 2009-Ohio-5940, ¶ 11-13. Capacity to sue involves a determination as to whether an individual may properly sue, either as an entity or on behalf of another. *Mousa v. Mt. Carmel Health Sys.*, 10th Dist. No. 12AP-737, 2013-Ohio-2661, ¶ 13 (decedent's parent, who had not yet been appointed administrator at the time the complaint was filed, lacked capacity to sue but possessed standing). Capacity to sue deals with a person's eligibility to commence the action and is typically determined without regard to the claims being asserted. *Wanamaker v. Davis*, 2d Dist. No. 2005-CA-151, 2007-Ohio-4340, ¶ 42.
>
> "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment * * *." Civ.R. 9(A). *See also* Civ.R. 8(C) (defendant must set forth in the answer any matter constituting an avoidance or affirmative defense); Civ.R. 12 (set forth every defense in the responsive pleading).

*Bank of Am., N.A. v. Stewart*, 7th Dist. Mahoning No. 13 MA 48, 2014-Ohio-723, ¶ 44-46.

**{¶25}** Moreover, "if capacity to sue is not raised by specific negative averment under Civ.R. 9(A), it will be waived under Civ.R. 12(H)." *Dot Sys., Inc. v. Adams Robinson Ent., Inc.*, 67 Ohio App.3d 475, 481, 587 N.E.2d 844 (4th Dist.1990); *see also*

*State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 30 (incapacity to sue is waived if a party does not specifically raise it in party's answer). Thus, "if a party does not raise by way of a defense, the absence of a license for a foreign corporation to do business in Ohio, the issue is waived." *Dot Sys., Inc.* at 481; *see also Kirk Bros. Co. v. Advanced Aquatics, Inc.*, 3d Dist. Seneca No. 13-07-15, 2008-Ohio-621, ¶ 4.

{¶26} R.C. 1703.29(A), on which Paul relies, provides that "[t]he failure of any *corporation* to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license." (Emphasis added.) Aeon, however, is a limited liability company governed by R.C. 1705, et seq., not a corporation.

{¶27} R.C. 1705.58(A) provides that "[a] foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code." Either way, Aeon may not maintain suit if it is transacting business in Ohio because this court has applied the prohibition in R.C. 1703.29 to limited liability corporations through R.C. 1705.58. *Harvest Credit Mgmt. VII, L.L.C. v. Harris*, 8th Dist. Cuyahoga No. 96742, 2012-Ohio-80, ¶ 9, citing *Bosl v. First Fin. Invest. Fund I*, 8th Dist. Cuyahoga No. 95464, 2011-Ohio-1938, ¶ 17.

**{¶28}** This court has consistently recognized that "[t]he failure to obtain a license under R.C. 1703.29 is not a jurisdictional issue, but rather a defense that can be waived if not raised at the proper time." *Harris* at ¶13, citing *Novak v. Boyle*, 8th Dist. Cuyahoga No. 87165, 2005-Ohio-5839, ¶ 6; *see also P.K. Springfield, Inc. v. Hogan*, 86 Ohio App.3d 764, 621 N.E.2d 1253 (2d Dist.1993); *Dot Sys., Inc.*, 67 Ohio App.3d 475, 587 N.E.2d 844; and *Allstate Fin. Corp. v. Westfield Serv. Mgt. Co.*, 62 Ohio App.3d 657, 577 N.E.2d 383 (12th Dist.1989).

**{¶29}** The Ohio Supreme Court has not decided the issue of whether a foreign limited liability company or foreign corporation can avoid dismissal for lack of capacity by registering with or obtaining a license from the Ohio secretary of state after filing a lawsuit. Generally, Ohio courts have recognized that, once a corporation obtains the proper license, "the continuation of the action no longer violate[s] [R.C.] 1703.29(A) and its prior unlicensed status [is] no longer a basis for a judicial remedy." *Hogan* at 771. And while this court has not yet weighed in on the issue, we find that we need not decide the issue in this case because (1) Paul waived the issue by never asserting it in his answer or filing an amended answer, and (2) the issue became moot when Halon, L.L.C. became the substitute plaintiff. Notably, Paul does not assign any error related to the trial court's granting of Aeon's motion to substitute filed under Civ.R. 25(C); that issue, therefore, is not before us.

**{¶30}** Accordingly, we find that Aeon had standing to commence the lawsuit, and therefore, the trial court did not err in denying Paul's motion to dismiss.

**{¶31}** The first assignment of error is overruled.

## C. Service

**{¶32}** In his second assignment of error, Paul argues that the complaint should have been dismissed because Aeon neither named the estate of Martha Hnatiuk as a party nor served the estate with the complaint. In support of his argument, Paul relies on the Ohio Supreme Court's decision in *Baker v. McKnight*, 4 Ohio St.3d 125, 447 N.E.2d 104 (1983). This court, however, has previously addressed and rejected this exact argument, finding that the naming of the unknown heirs of the decedent is sufficient in a foreclosure case. *BAC Home Loans Servicing L.P. v. Komorowski*, 8th Dist. Cuyahoga No. 96631, 2012-Ohio-1341, ¶ 16. As this court explained,

> Implicitly, *Baker* holds that a plaintiff in a personal injury action must sue a deceased defendant's estate as opposed to the deceased individual, in order to pursue the plaintiff's claims. Such a rule makes sense in personal injury cases because the defendant who allegedly caused the harm is solely responsible for the harm and because monetary damages are sought against the estate. Foreclosure cases and litigation involving real property are different because "following death, all real estate passes to the heirs." *Rinehart v. Wilkes*, 10th Dist. No. 84AP-952, 1985 Ohio App. LEXIS 7757, 1985 WL 10297 (May 23, 1985). "Upon such circumstance, the next of kin have an immediate beneficial interest in the real estate." *Id.*, citing *Brownfield v. Home Owners Loan Corp.*, 38 Ohio Law. Abs. 30, 49 N.E.2d 92 (Franklin Cty. 1942). Hence, in an action to foreclose a mortgage brought after the death of the mortgagor, the heirs and devisees of the mortgagor are necessary parties. *CitiMortgage Inc. v. Bumphus*, 6th Dist. No. E-10-066, 197 Ohio App. 3d 68, 2011-Ohio-4858, 966 N.E.2d 278; *Gary v. May*, 16 Ohio 66, 76, 1847 WL 13 (1847); and *Rinehart*.

**{¶33}** Here, Aeon named and served all parties with an interest in the property, including the unknown heirs of Martha Hnatiuk.

**{¶34}** The second assignment of error is overruled.

**{¶35}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR